IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARY WALL, | ) |
|     Petitioner, | ) Civil Action No. 7:17-cv-00066 |
| v. | ) |
| | ) By: Elizabeth K. Dillon |
| JEFFREY KISER, | )       United States District Judge |
|     Respondent. | ) |

**MEMORANDUM OPINION**

Gary Wall, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of a Wallens Ridge State Prison disciplinary hearing, alleging that he was deprived of liberty interests without due process. Respondent filed a motion to dismiss, and Wall responded, making the matter ripe for disposition. Having reviewed the record, the court concludes that the motion to dismiss must be denied.

I.  BACKGROUND

On August 14, 2015, Wall was involved in an incident at Red Onion State Prison that resulted in institutional charges of: being in an unauthorized area, disobeying an order, gathering around/approaching any person in a threatening/intimidating manner, and aggravated assault on a non-offender.[1] After several hearings, Wall was found guilty on each of the charges, losing a total of 270 earned good-time credits. He appealed, but the warden upheld his convictions.

On January 26, 2016, Wall filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. The court denied his petition, citing *Carroll v. Johnson*. 685 S.E.2d 647, 694 (Va. 2009) ("[D]isputes which only tangentially affect an inmate's confinement, such as prison

---
[1] Wall received two charges of aggravated assault on a non-offender.

classification issues concerning the rate at which a prisoner earns good conduct or sentence credits . . . are not proper matters for habeas corpus."). Wall filed an additional habeas petition in the Supreme Court of Virginia, which the court denied based on the previous holding.

## II. CLAIMS

On February 22, 2017, Wall filed the current petition, seeking the restoration of earned good-time credits. He appears to raise five claims:

1. Wall is actually innocent in light of newly discovered reliable evidence;

2. The disciplinary proceedings violated Wall's due process rights because he was not allowed to present evidence or call witnesses;

3. The disciplinary proceedings violated Wall's due process rights because the hearing officer was not impartial;

4. Wallens Ridge State Prison personnel did not have subject matter jurisdiction over Wall's alleged violations that occurred at Red Onion State Prison; and

5. Wall's due process rights were violated when he was denied an advisor for two of his disciplinary hearings.

## III. DISCUSSION

The Respondent argues that "Wall's federal petition for a writ of habeas corpus should be dismissed because it was already adjudicated on the merits by the Supreme Court of Virginia." Resp't's Mot. to Dismiss 6. However, by ruling that "[t]he court's habeas corpus jurisdiction does not extend to [Wall's petition]," the Supreme Court of Virginia did not adjudicate the merits of his claims. *Wall v. Barksdale*, No. 160145, slip op. at 1 (Va. Jun. 10, 2016); *see Higdon v. Jarvis*, 2012 WL 738731, at *4 (W.D. Va. Mar. 5, 2012) ("The Supreme Court of Virginia dismissed petitioner's state habeas petition because '[state] habeas corpus does not lie in this

matter' pursuant to *Carroll v. Johnson* . . . . Therefore, the Supreme Court of Virginia's dismissal of petitioner's state habeas petition did not constitute an adjudication 'on the merits' for purposes of 28 U.S.C. § 2254(d).") (citation omitted).

The Respondent also contends that the court should dismiss Wall's petition because the Supreme Court of Virginia's ruling was not contrary to, or an unreasonable interpretation of, federal law or an unreasonable determination of the facts. However, the Supreme Court of Virginia made no legal or factual findings; the court simply dismissed Wall's petition pursuant to *Carroll*. Meanwhile, federal habeas courts recognize "a protected liberty interest in good-time credits earned," requiring "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to ensure that the state created right is not arbitrarily abrogated." *Perry v. Clarke*, 2012 WL 6738164, at *3 (W.D. Va. Dec. 28, 2012) (quoting *Ewell v. Murray*, 11 F.3d 482, 488 (4th Cir. 1993)). Therefore, Wall's claims are cognizable on federal habeas review, but the court cannot, as Respondent requests, defer to the state court's nonexistent legal and factual findings.

IV. CONCLUSION

For the reasons stated, the motion to dismiss Wall's § 2254 petition will be denied. Respondent is directed to file an amended motion to dismiss within twenty-one days addressing the merits of Wall's claims. Wall may file a reply to the response within fifteen days thereafter.

An appropriate order will enter this day.

Entered: March 5, 2018.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge